# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS AGUILAR, #1570892, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2569 |
| | § | |
| ANTWON PARKER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Jesus Aguilar, TDCJ-CID #1570892, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Following its review of the complaint pursuant to section 1915A, the Court DISMISSES this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff, a state inmate, complains that on May 9, 2008, he was involved in a motor vehicle accident and transported to a hospital. While he was in surgery, defendant police officers instructed hospital personnel to obtain samples of his blood for purposes of measuring his blood alcohol levels. Plaintiff complains that this constituted an unreasonable search and seizure under the Fourth Amendment, and that the blood was "contaminated." He further complains that defendants conspired to violate his Fourth Amendment rights.

Plaintiff provides no further information, but public records for the prison system and state courts reveal that, on April 7, 2009, plaintiff was convicted of intoxication manslaughter

for the events of May 9, 2008, and sentenced to thirty years imprisonment. Plaintiff remains in prison pursuant to that conviction. Plaintiff seeks undisclosed monetary compensation for the alleged constitutional violation and conspiracy occasioned by the taking of his blood sample while he was in the hospital.

*Analysis*

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.1998). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory. *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise judicially called into question. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

A. <u>Limitations Bar</u>

It is well settled that the limitations period applicable to section 1983 cases in the forum state of Texas is the two-year period provided by Texas law. *See Stanley v. Foster*,

464 F.3d 565, 568 (5th Cir. 2006). Plaintiff had two years after the day the cause of action accrued to bring his claims. TEX. CIV. PRAC. & REM. CODE § 16.003. Federal law determines the date of accrual for section 1983 claims. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). A general cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Id.* Plaintiff does not disclose in the instant case the date on which he became aware that a sample of his blood had been drawn on May 9, 2008. However, he was convicted of intoxication manslaughter on April 7, 2009, for the events of May 9, 2008. Thus, under the most conservative of scenarios, plaintiff would have been aware no later than the date of his conviction that the sample of his blood had been taken on May 9, 2008, for purposes of measuring his blood alcohol concentration. Limitations on his claims arising from the taking of the blood sample expired two years later, on or about April 7, 2011. Because this lawsuit was filed no earlier than July 7, 2011, the lawsuit is untimely and barred by limitations.

Plaintiff's claims are DISMISSED as barred by limitations.

B.  *Heck* Bar

Even assuming plaintiff's Fourth Amendment claims were not barred by limitations, they are without merit. To the extent plaintiff claims that the hospital blood sample was "contaminated" and that the contamination resulted in his erroneous conviction for intoxication manslaughter, his claim for monetary compensation fails to raise an issue of constitutional dimension. Even assuming a constitutional issue were raised, it would be

3

barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a section 1983 claim that effectively attacks the constitutionality of a conviction does not accrue until that conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. A claim for damages bearing that relationship to a conviction that has not been so invalidated is not cognizable under section 1983. *Id*. When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. *Id.* at 487. If it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

A judgment in favor of plaintiff in the instant case, under his claim that his conviction was caused by the use of "contaminated" blood, would necessarily imply the invalidity of his intoxication manslaughter conviction. Neither plaintiff nor public state court records show that the conviction is no longer extant. Thus, plaintiff's claim for monetary compensation would be barred by *Heck*.

Plaintiff's claim regarding the State's use of allegedly contaminated blood fails to state a cognizable section 1983, and the claim is DISMISSED.

### C. No Cognizable Claim

Nor does plaintiff raise a cognizable section 1983 claim in his argument that the taking of the blood sample violated his Fourth Amendment rights. Supreme Court precedent clearly holds that blood samples may be obtained without a warrant from a person suspected of drunk driving without violating the person's Fourth Amendment rights. *Schmerber v. California*, 384 U.S. 757 (1966). The *Schmerber* Court explained that when there is probable cause to believe that a person is intoxicated, a police officer may reasonably construe the situation to be an emergency because the alcohol percentage in the bloodstream dissipates in the time necessary to obtain a warrant. *Id.* at 770. That the blood sample is taken while the suspect is unconscious, is not a violation of the suspect's due process rights. *Breithaupt v. Abram*, 352 U.S. 432 (1957).

Plaintiff fails to assert facts sufficient to state a Fourth Amendment claim under the circumstances of his case and conviction, and his Fourth Amendment claim is DISMISSED. In absence of a Fourth Amendment violation, there was no conspiracy to violate plaintiff's Fourth Amendment rights, and his conspiracy claim is DISMISSED.

*Conclusion*

This lawsuit and plaintiff's claims are DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to all parties; to the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas on July 26, 2011.

_____
Gray H. Miller
United States District Judge